***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 27, affirmed October 4, 2023

In the Matter of N. A. G. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. E. E.,
aka B. A., aka E. B., aka B. E.,
*Appellant.*

Lane County Circuit Court
22JU00175; A180763

Valeri L. Love, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Brad Mullen, Certified Law Student, filed the brief for respondent.

Before Joyce, Presiding Judge, and Jacquot, Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

Mother appeals a judgment that changed the permanency plan for her child, N, from reunification to guardianship. Mother assigns error to the juvenile court's determination that the Department of Human Services (DHS) made reasonable efforts to effect reunification, and to the juvenile court's ruling to change N's permanency plan from reunification to guardianship. Because mother did not preserve those claims, we affirm.

During the permanency hearing, mother argued that N "could be returned to her in a reasonable amount of time with the assistance of the agency" and that she "would like to continue to work for her daughter to come home." Mother also stated that "family therapy [had] not been set up" between her and N and that family therapy was "something that [she had] asked for throughout the life of this case." Mother explained that the lack of family therapy was something she wanted to "bring to the [c]ourt's attention." Although mother mentioned the lack of family therapy, she did not argue that that lack of therapy amounted to a failure to provide reasonable efforts.

But, on appeal, mother argues that the juvenile court erred in changing N's permanency plan away from reunification because DHS failed to prove that it made reasonable efforts toward reunification. Mother contends that DHS "failed to provide *** family therapy, or failed to do so for a long enough period of time for mother to demonstrate her ability to address the jurisdictional bases." That claim is unpreserved. As noted, although mother made a general objection to the proposed change during the permanency hearing, her argument supporting the objection was qualitatively different than the one she advances on appeal. Mother's argument during the permanency hearing was aimed at persuading the juvenile court not to change the plan, an argument that is distinct from mother's claim on appeal that DHS failed to make reasonable efforts toward reunification. Mother thus failed to preserve her claim of error. *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) (explaining that "the presence of a common thread between an objection at trial and

an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different" (internal quotation marks omitted)); *see also State v. Montgomery*, 256 Or App 222, 228, 300 P3d 221, *rev den*, 354 Or 148 (2013) (concluding that defendant's argument was not preserved where his argument on appeal was "qualitatively different than the contentions that defendant [had] advanced below").

Mother does not request plain error review, and, in any event, any error was not plain.

Affirmed.